AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mariano Garay-Ortiz, being duly sworn, depose and state:

### Introduction

1. I am a United States Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport ("LMMIA"), Carolina, Puerto Rico.

2. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations during this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

3. This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Roque JIMENEZ-GARCIA ("JIMENEZ-GARCIA") with violation of 8 U.S.C. § 1326(a) (Re-entry After Deportation).

### Probable Cause

4. On March 11, 2026, at the LMMIA, JIMENEZ-GARCIA, an alien and citizen of the Dominican Republic, was found in the United States attempting to board Arajet Airlines flight number DM 501, bound for Santo Domingo, Dominican Republic. During the inspection conducted by U.S. Customs and Border Protection Officers, JIMENEZ-GARCIA claimed to be a citizen of the Dominican Republic by the name of Roque JIMENEZ-GARCIA and presented a Dominican Republic Temporary passport, with Number 26039f-1361, as proof of identity. The passport contained JIMENEZ-GARCIA photograph and

was issued under the name of Roque JIMENEZ-GARCIA. JIMENEZ-GARCIA claimed to be the rightful bearer of the passport.

5. Given JIMENEZ-GARCIA did not have any document that allowed him to be present in the United States, he was held for a closer inspection. During this process, JIMENEZ-GARCIA fingerprints were submitted to the Federal Bureau of Investigation ("FBI") for examination and comparison. This examination disclosed a match to an FBI record, which revealed the following:

   a) On March 22, 2019, JIMENEZ-GARCIA was apprehended by US Border Patrol near Mona Island, PR and he was served with a Notice of Expedited Removal from the United States to the Dominican Republic.
   b) On March 29, 2019, JIMENEZ-GARCIA was physically removed from the United States to the Dominican Republic.
   c) On June 10, 2022, JIMENEZ-GARCIA was apprehended by U.S. Customs and Border Protection at the Pan American Dock West, San Jaun, Puerto Rico and was served with a second Notice of Expedited Removal from the United States to the Dominican Republic.
   d) On June 10, 2022, JIMENEZ-GARCIA was physically removed from the United States to the Dominican Republic.
   e) On September 21, 2024, JIMENEZ-GARCIA was apprehended a third time US Border Patrol near Aguadilla, PR and he was served with a Notice of Intent / Decision to Reinstate Prior Order from the United States to the Dominican Republic.
   f) On November 19, 2024, JIMENEZ-GARCIA was physically removed from the United Staes to the Dominican Republic.

6. JIMENEZ-GARCIA was told that after his deportation/removal from the United States, he was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

7. Further investigation and records checks revealed that no application to request permission on Form I-212 (Application for Permission to Reapply for Admission into the United States After

Deportation or Removal) had been filed on behalf of "Roque JIMENEZ-GARCIA" at the Office of Citizenship and Immigration Services.

8.  JIMENEZ-GARCIA is a citizen and national of the Dominican Republic and is an alien with no authorization or legal status to be present in the United States. Further, JIMENEZ-GARCIA was deported from the United States and prohibited from reentering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his embarkation at a place outside the United States or his application for admission.

### Conclusion

9.  Based on the facts contained herein, there is probable cause to believe that JIMENEZ-GARCIA committed the following Federal offense: 8 U.S.C. § 1326(a) (Reentry After Deportation).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Mariano Garay-Ortiz
Enforcement Officer
US Customs and Border Protection

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at _11:06_ a.m. / ~~p.m.~~ on the _12th_ day of March 2026 in San Juan, Puerto Rico.

Marshal D. Morgan
Magistrate Judge
United States District Court
District of Puerto Rico